### SCHRIJVER et al. v. SUTHERLAND, Alien Property Custodian.

Court of Appeals of District of Columbia.
Submitted April 4, 1927. Decided
May 2, 1927.

No. 4517.

War ☞12—German subjects' sale of stock to subjects of the Netherlands after declaration of war held ineffective as against seizure by Alien Property Custodian (Trading with the Enemy Act Oct. 6, 1917, § 7, subsec. b, being Comp. St. § 3115½d).

Where corporate stock of American railroad owned by German subjects was sold to subjects and residents of the kingdom of the Netherlands after declaration of war between the United States and Germany, and transfer made by indorsement in blank of certificates registered in name of German subjects, *held*, subsequent seizure of such stock by Alien Property Custodian, under Trading with the Enemy Act Oct. 6, 1917, § 7, subsec. (b), being Comp. St. § 3115½d, was valid; the attempted assignment being ineffective as against such seizure.

Appeal from Supreme Court of District of Columbia.

Action by Louis Schrijver and others against Howard Sutherland, as Alien Property Custodian of the United States. Decree for defendant, and plaintiffs appeal. Affirmed.

S. P. Simpson, of Washington, D. C., for appellants.

Peyton Gordon and D. H. Stanley, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This appeal is from a decree in the Supreme Court of the District of Columbia, dismissing, on motion of defendant below and appellee here, the bill of the plaintiff below and appellant here, filed under the provisions of section 9 of the Trading with the Enemy Act of October 6, 1917 (40 Stat. 411), amended March 28, 1918 (40 Stat. 459), November 4, 1918 (40 Stat. 1020), July 11, 1919 (41 Stat. 35), and June 5, 1920 (41 Stat. 977).

On April 6, 1917, war was declared between the United States and Germany. On April 20, 1917, the plaintiff copartners, subjects of and resident in the kingdom of the Netherlands, purchased for value upon the Amsterdam Stock Exchange, in Amsterdam, 10 shares of the capital stock of the Erie Railroad Company, a New York corporation. The stock certificate representing these shares had been issued to and was registered in the names of two German subjects, resident in Germany, as nominees of the Dresdner Bank, a German corporation, and was indorsed in blank by the registered holders. This certificate was delivered to the plaintiffs in Amsterdam on August 29, 1917, and since has been in their possession. On the books of the Erie Railroad Company the stock continued to be carried in the names of the two German subjects.

In the argument at bar it was conceded by counsel for the plaintiffs that at the time of the purchase of this stock they knew, not only that war had been declared between the United States and Germany, but that the persons from whom the purchase was made were German subjects. Under the laws of the Netherlands the indorsement of a certificate of stock in blank by the registered holder operated to transfer legal title of such certificate to a purchaser for value, and business transactions between subjects of the Netherlands and subjects of the German Empire were permitted.

The Trading with the Enemy Act is a war measure, sanctioned by the constitutional provision empowering Congress "to declare war, grant letters of marque and reprisal, and make rules concerning captures on land and water." Const. art. 1, § 8, cl. 11; Central Trust Co. v. Garvan, 254 U. S. 554, 41 S. Ct. 214, 65 L. Ed. 403; Stoehr v. Wallace, 255 U. S. 239, 41 S. Ct. 293, 65 L. Ed. 604; Commercial Trust Co. v. Miller, 262 U. S. 51, 43 S. Ct. 486, 67 L. Ed. 858. Subsection (b) of section 7 of that act (Comp. St. § 3115½d) provides:

"Nothing in this act contained shall render valid or legal, or be construed to recognize as valid or legal, any act or transaction constituting trade with, to, from, for or on account of, or on behalf or for the benefit of an enemy performed or engaged in since the beginning of the war and prior to the passage of this act, or any such act or transaction hereafter performed or engaged in except as authorized hereunder, which would otherwise have been or be void, illegal, or invalid at law. No conveyance, transfer, delivery, payment, or loan of money or other property, in violation of section three hereof, made after the passage of this act, and not under license as herein provided shall confer or create any right or

remedy in respect thereof; and no person shall by virtue of any assignment, indorsement, or delivery to him of any debt, bill, note, or other obligation or chose in action by, from, or on behalf of, or on account of, or for the benefit of an enemy or ally of enemy have any right or remedy against the debtor, obligor, or other person liable to pay, fulfill, or perform the same unless said assignment, indorsement, or delivery was made prior to the beginning of the war or shall be made under license as herein provided, or unless, if made after the beginning of the war and prior to the date of passage of this act, the person to whom the same was made shall prove lack of knowledge and of reasonable cause to believe on his part that the same was made by, from or on behalf of, or on account of, or for the benefit of an enemy or ally of enemy; and any person who knowingly pays, discharges, or satisfies any such debt, note, bill, or other obligation or chose in action shall, on conviction thereof, be deemed to violate section three hereof: Provided, that nothing in this act contained shall prevent the carrying out, completion, or performance of any contract, agreement, or obligation originally made with or entered into by an enemy or ally of enemy where, prior to the beginning of the war and not in contemplation thereof, the interest of such enemy or ally of enemy devolved by assignment or otherwise upon a person not an enemy or ally of enemy, and no enemy or ally of enemy will be benefited by such carrying out, completion, or performance otherwise than by release from obligation thereunder."

In our view, subsection (b) of this act denounced as invalid transactions of the character here involved. The declaration of war put an end to intercourse and traffic between citizens of this country and of Germany. Sutherland v. Mayer, 271 U. S. 272, 46 S. Ct. 538, 70 L. Ed. 943. Citizens of neither country could liquidate holdings in the other, and the provisions of the act before us indicate that Congress thereby intended to prevent liquidation through indirection, as in this case. This the Supreme Court has said Congress was authorized to do. See Conrad v. Waples, 96 U. S. 279, 24 L. Ed. 721, where the court observed: "It may be admitted that the right of a belligerent to confiscate the property of enemies found within its territory cannot be impaired by a sale of the property during the war, but it is not perceived that on any other ground the sale could be invalidated. A conveyance in such case would pass the title subject to be defeated, if the government should afterwards proceed for its condemnation." It is apparent that the government, possessing

power to confiscate these shares of stock notwithstanding the sale, must possess the power to declare invalid such an attempted sale. Any other conclusion would make possible the liquidation of the property of an enemy within the United States before Congress could act, and thereby materially increase the resources of the enemy.

The first clause of subsection (b) plainly denounces as invalid and illegal "any act or transaction constituting trade with, to, from, for or on account of, or on behalf of or for the benefit of an enemy performed or engaged in since the beginning of the war and prior to the passage of this act." The transaction in question was after the declaration of war and prior to the passage of the act, and was a "transaction constituting trade with" and for the benefit of an enemy. It is insisted, however, that this clause is qualified by the words following it, "or any such act or transaction hereafter performed or engaged in except as authorized hereunder, which would otherwise have been or be void, illegal, or invalid at law." The meaning of this disjunctive provision is not difficult of ascertainment. The act expressly authorized certain transactions which "otherwise" would have been illegal and void and denounced as such by the first clause of subsection (b), so that transactions denounced in the first clause, and performed after the passage of the act, were brought within the scope of the act unless expressly authorized by its provisions.

The next clause in subsection (b) which we deem pertinent to this inquiry provides that "no person shall by virtue of any assignment, indorsement, or delivery to him of any debt, bill, note, or other obligation or chose in action by, from, or on behalf of, or on account of, or for the benefit of an enemy or ally of enemy have any right or remedy against the debtor, obligor, or other person liable to pay, fulfill, or perform the same unless said assignment, indorsement, or delivery was made prior to the beginning of the war or shall be made under license as herein provided, or unless, if made after the beginning of the war and prior to the date of passage of this Act, the person to whom the same was made shall prove lack of knowledge and of reasonable cause to believe on his part that the same was made by, from or on behalf of, or on account of, or for the benefit of an enemy or ally of enemy."

It has been held that shares of stock are included in the foregoing words "any debt, bill, note, or other obligation or chose in action." Stoehr v. Wallace, 255 U. S. 239, 41 S. Ct. 293, 65 L. Ed. 604; Miller v. Gesellschaft (C. C. A. 2nd Cir.) 283 F. 746, 755. The Custo-

dian, upon the seizure of this stock, succeeded to the rights of the alien enemy therein (Commercial Trust Co. v. Miller, 262 U. S. 51, 56, 43 S. Ct. 486, 67 L. Ed. 858), and was entitled to have new certificates issued to him without surrender of the old (Central Trust Co. v. Garvan, 254 U. S. 554, 41 S. Ct. 214, 65 L. Ed. 403; Stoehr v. Wallace, 255 U. S. 239, 41 S. Ct. 293, 65 L. Ed. 604; Great Northern Ry. Co. et al. v. Sutherland, 47 S. Ct. 315, 71 L. Ed. ——, decided by the Supreme Court of the United States January 17, 1927). This assignment, therefore, was invalid as against the Custodian. The conclusion reached is so clearly demanded, not only by the provisions of the Trading with the Enemy Act, but by sound public policy, that further discussion is unnecessary.

The decree is affirmed, with costs.

Affirmed.